CLD-429                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3578
_____

PEDRO JOSUE MIRA MUNOZ

v.

MARK LOSPINUSO, Acting Warden of Keogh Dwyer Correctional Facility;
WAYNE MULLER, Office of Detention and Removal for U.S. Immigration and
Customs Enforcement; WILLIAM JOYCE, Assistant Field Office Director,
Office of Detention and Removal for U.S. Immigration and Customs
Enforcement; CHRISTOPHER SHANAHAN, New York Field Office
Director for the Office of Detention and Removal for U.S. Immigration and
Customs Enforcement; SECRETARY OF DEPARTMENT OF HOMELAND
SECURITY; ATTORNEY GENERAL UNITED STATES OF AMERICA;UNITED
STATES DEPARTMENT OF HOMELAND SECURITY,
                                                            Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-cv-02664)
District Judge:  Honorable Esther Salas
_____

Submitted on Appellants' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 19, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  October 15, 2013)
_____

OPINION
_____

PER CURIAM

Appellants (who we refer to collectively as "the Government") appeal from the District Court's order granting Pedro Josue Mira Munoz's petition for a writ of habeas corpus and directing the Immigration Judge ("IJ") presiding over his immigration proceeding to provide him with a bond hearing. We will vacate and remand for further proceedings.

Munoz is a citizen of El Salvador who has been charged as removable for overstaying his visa and having been convicted of crimes involving moral turpitude (i.e., four counts of grand larceny in New York state court). The moral turpitude charge subjects him to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) during his immigration proceeding, and the Government took him into such detention in June 2011, some four years after he was released from state prison. Munoz's immigration proceeding remains ongoing.

Munoz filed a counseled habeas petition seeking a bond hearing before his IJ. He conceded that his crimes involved moral turpitude and normally would subject him to mandatory detention. He argued, however, that the Government lost the authority to take him into mandatory detention under § 1226(c) because it did not do so immediately upon his release from state custody. The District Court agreed, granted Munoz's petition, and ordered the IJ to conduct a bond hearing. The IJ has since done so, and Munoz was released on bond on July 20, 2012. The Government appealed the District Court's ruling and later filed a motion for summary action on the basis of our subsequent decision in

2

Sylvain v. Attorney General, 714 F.3d 150 (3d Cir. 2013).[1]

That motion is granted in part. We agree with the Government that Sylvain, of which the District Court did not have the benefit when it rendered its decision, has invalidated the basis for the District Court's ruling. In that case, we held that the Government retains the authority to take aliens into mandatory detention under § 1226(c) even if it does not do so immediately upon their release from state custody. See Sylvain, 714 F.3d at 161. Because the District Court's contrary conclusion was the sole basis for its grant of habeas relief, its ruling cannot stand.

Rather than reverse the District Court's judgment, however, we will vacate it and remand for further proceedings. In addition to the argument discussed above, Munoz argued in his habeas petition and accompanying memorandum of law that an individualized bond hearing is required because the only other way to challenge mandatory detention is at a so-called Joseph hearing pursuant to In re Joseph, 22 I. & N. Dec. 799 (BIA 1999), and that Joseph hearings do not comport with due process because the burden of proof at such hearings is on the alien rather than the Government.[2] The District Court's ruling left it unnecessary to reach that issue. Munoz has not claimed that he actually sought a Joseph hearing and was denied release on bond thereafter, and he

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2241, and we have jurisdiction under 28 U.S.C. § 1291. See Diop v. ICE/Homeland Sec., 656 F.3d 221, 226 (3d Cir. 2011).

[2] A Joseph hearing "is immediately provided to a detainee who claims that he is not covered by § 1226(c)." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003). "At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that [the Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Id. The "question [of] the constitutional adequacy of a Joseph hearing" is an "open one" on which we express no opinion herein. Diop, 656 F.3d at 231 n.8.

3

also concedes that he is an alien and has been convicted of multiple crimes involving moral turpitude, so we express no opinion on whether his challenge to the Joseph procedure is ripe or otherwise justifiable at this time. See Demore, 538 U.S. at 514 n.3. Instead, we will remand for the District Court to address this issue in the first instance and conduct such further proceedings as may be necessary in that regard. In the meantime, the effect of our ruling is to set aside Munoz's bond hearing and thus his release on bond. See Sylvain, 714 F.3d at 161 n.12.

For the foregoing reasons, we will vacate the District Court's order granting Munoz's habeas petition and remand for further proceedings.